FILED
2026 Mar-19  PM 04:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **TRENECE L. HARBOUR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:24-cv-124-ACA-JHE** |
| | ) | |
| **JOHN CRYER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff Trenece L. Harbour filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Calhoun County Circuit Court Judge Bud Turner, Calhoun County Assistant District Attorney Jana Roberts, Detective John Cryer, and Detective Jimmy Woodard.[1] (Doc. 1 at 1, 3). The magistrate judge entered a report recommending the court dismiss the complaint with prejudice, except the malicious prosecution claims against Messrs. Cryer and Woodard. (Doc. 10). The magistrate judge advised Mr. Harbour of his right to file objections. (*Id.* at 14; doc. 11; doc. 12). The deadline to object passed, and the court received no objections. The court then accepted the magistrate judge's report and dismissed all claims except the malicious prosecution claims against Messrs. Cryer and Woodard. (Doc. 13).

---

[1] Incorrectly identified as "Marshall Woodward" in the complaint. (Doc. 1 at 3; Doc. 17 at 1).

Over a month after the deadline to object, the court received Mr. Harbour's objections to the report and recommendation. (Doc. 15). A prisoner proceeding *pro se* has virtually no control over the mailing of his pleadings, so his pleadings are deemed filed at the time the prisoner delivers them to prison officials to be mailed. *See Houston v. Lack*, 487 U.S. 266, 270–72 (1988). Because Mr. Harbour's objections were dated before the deadline (doc. 15 at 5), the court assumes they were timely filed. Accordingly, the court **WILL VACATE** the partial dismissal order entered August 25, 2025 (doc. 13), and address Mr. Harbour's objections.

Mr. Harbour also filed an amended complaint, which the court construes as a motion for leave to amend. (Doc. 19); *see* Fed. R. Civ. P. 15(a)(1), (2) (prescribing that a party may amend its complaint only once as a matter of course within twenty-one days of filing but otherwise must seek the court's leave for amendment). The amended complaint names Messrs. Cryer and Woodard as defendants but replaces Judge Turner and Ms. Roberts with Calhoun County Assistant District Attorney Byron McVeigh. (Doc. 19 at 2). Because the proposed amendment is futile, the court **WILL DENY** Mr. Harbour's motion for leave to amend.

## I.     MR. HARBOUR'S OBJECTIONS

Mr. Harbour does not contest that the Eleventh Amendment prohibits his claims against Defendants in their official capacities for monetary relief. (*See generally* doc. 15 at 2). Mr. Harbour also acknowledges that his complaint fails to

2

state a claim for relief against Judge Turner and Ms. Roberts in their individual capacities and moves for leave to amend his complaint against these defendants. (*Id.* at 2–4). As explained below, the court **WILL OVERRULE** Mr. Harbour's objections and **WILL DENY** his motion for leave to amend his complaint as futile.

Generally, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice—at least, that is, where a more carefully drafted complaint might state a claim." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (internal quotation marks omitted). But that opportunity is not warranted if amendment would be futile—that is, "when the complaint as amended is still subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (internal quotation marks omitted).

Mr. Harbour relays that his amended complaint will bring claims against Judge Turner in his individual capacity for injunctive and declaratory relief. (Doc. 15 at 2). But the magistrate judge already rejected the injunctive and declaratory relief claims against Judge Turner in his individual capacity. (Doc. 10 at 5–7). Mr. Harbour does not allege in his objections or complaint any new facts that would substantiate a claim for injunctive or declaratory relief. (Docs. 1, 15).

Next, Mr. Harbour seeks leave to amend his complaint to allege that Ms. Roberts did not act in her capacity as a prosecutor when she presented his case to the grand jury. (Doc. 15 at 2–4). He maintains Ms. Roberts is not entitled to

prosecutorial immunity because she acted as an investigator. *(Id.* at 3). But prosecutors act within their prosecutorial authority when presenting evidence to a grand jury. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (noting that absolute immunity protects a prosecutor in preparing for the initiation of judicial proceedings including presentation of evidence before a grand jury); *Rehberg v. Paulk*, 611 F.3d 828, 837–38 (11th Cir. 2010) (stating that prosecutors are immune for appearances in judicial proceedings, "including prosecutorial conduct before grand juries"). Therefore Ms. Roberts is entitled to immunity.

Finally, Mr. Harbour does not object to the magistrate judge's recommendation with regard to his claims against Messrs. Cryer and Woodard. (*See generally* doc. 15). Accordingly, the court **WILL ADOPT** the magistrate judge's report and **WILL ACCEPT** the recommendation. The court **WILL DISMISS** all claims against Ms. Roberts and Judge Turner and the false arrest claim against Messrs. Cryer and Woodard **WITHOUT PREJUDICE**. The malicious prosecution claim against Messrs. Cryer and Woodard may proceed.

## II.   MR. HARBOUR'S AMENDED COMPLAINT

A trial court has discretion to grant or deny a motion to amend. *See Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 406–07 (11th Cir. 1989). Although Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave when justice so requires," the court may deny a motion to amend if amendment would be futile.

4

*Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). Because Mr. Harbour's proposed amendment would be futile, the court **WILL DENY** the motion for leave to amend the complaint. (Doc. 19).

Mr. Harbour's amended complaint reasserts his claims for false arrest and malicious prosecution against Messrs. Cryer and Woodard. (Doc. 19 at 3–13). The court has already discussed these claims above. But Mr. Harbour also asserts a claim for conspiracy against Messrs. Cryer and Woodard. (*Id.* at 13–16).

"A plaintiff claiming a § 1983 conspiracy must prove the defendants reached an understanding to violate the plaintiff's constitutional rights." *Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010) (quotation marks omitted). But the intracorporate conspiracy doctrine bars civil rights conspiracy suits when the allegedly conspiring parties are employees of the same corporation and act within the scope of their duties. *Grider v. City of Auburn*, 618 F.3d 1240, 1261 (11th Cir. 2010). Messrs. Cryer and Woodard are both alleged to be detectives with the Calhoun County Sheriff's Department. (Doc. 19 at 2). And sheriff's deputies act within the scope of their employment when investigating and arresting suspects. *See id.* So the conspiracy claim would fail.

Mr. Harbour abandons his claims against Judge Turner and Ms. Roberts by failing to allege any facts against these defendants. (*See generally* doc. 19). But he now asserts a claim for violations of his Fifth and Fourteenth Amendment due

process rights against Mr. McVeigh. (Doc. 19 at 17). Mr. Harbour alleges that Mr. McVeigh "failed to perform his duty of making an independent determination of probable cause" before presenting evidence to a grand jury and before seeking a warrant for Mr. Harbour's arrest. (*Id.* at 10, 14, 17). But as explained above, prosecutors are immune from conduct concerning the initiation of judicial proceedings, including presentation of evidence before a grand jury. *See Buckley*, 509 U.S. at 273. And prosecutors are immune when they appear in court and present evidence in support of a warrant application. *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009). Because the claims against Mr. McVeigh suffer from the same flaws as the claims against Ms. Roberts, amendment is futile.

## III.   CONCLUSION

After careful consideration of the entire record, the magistrate judge's report, and Mr. Harbour's objections, the court **WILL ADOPT** the report and **WILL ACCEPT** the recommendation. Consistent with that recommendation, the court **WILL DISMISS** Mr. Harbour's claims against Defendants in their official capacities for monetary relief under 28 U.S.C. § 1915A(b)(2) **WITH PREJUDICE**. The court **WILL ORDER** the Clerk of Court to refer Mr. Harbour's malicious prosecution claims against Messrs. Cryer and Woodard to the magistrate judge for further proceedings. The court **WILL DISMISS** Mr. Harbour's remaining claims

**WITHOUT PREJUDICE** under 28 U.S.C. § 1915A(b)(1). The court **WILL DENY** Mr. Harbour's motion to amend. (Doc. 19).

The court will enter an order consistent with this memorandum opinion.

**DONE** and **ORDERED** this March 19, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE